IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                  CRIMINAL ACTION NO. 2:20-cr-00162

COREY ALLEN TUCKER,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Defendant's *Letter-Form Motion to Reduce Sentence* (Document 49), wherein the Defendant seeks a sentence reduction pursuant to the retroactive criminal history amendment to the United States Sentencing Commission *Guidelines Manual*.

On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors.  Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect.  Recognizing that the courts, probation officers, and the Bureau of Prisons would need time to process motions and prepare release plans, the Commission also decided to require that any reduction in the term of imprisonment based on retroactive application of

Amendment 821 not be effective until February 1, 2024, or later.   (See Amendment 825 to USSG §1B1.10, effective November 1, 2023).   Accordingly, an order reducing a term of imprisonment based upon retroactive application of Amendment 821 must have an effective date of February 1, 2024, or later.

The Court has received and considered the original Presentence Investigation Report (PSR), original Judgment and Commitment Order and Statement of Reasons, and the materials submitted by the Defendant.[1]   The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

Mr. Tucker seeks a reduction under Part A to eliminate the status points added to his criminal history.   He was convicted of being a felon in possession of a firearm pursuant to a guilty plea entered on April 8, 2021.   At the time of his original sentencing, he had four criminal history points, and two additional points were added because he committed the offense while under a criminal justice sentence.   He had a total offense level of 26 and a criminal history category of III, for a Guideline range of 78 to 97 months. On July 22, 2021, the Court imposed a guideline sentence of imprisonment of 78 months, to be followed by three years of supervised release.

Following implementation of Amendment 821, Mr. Tucker would not receive any status points, for a total of 4 criminal history points.   His offense level would remain 26, and his criminal history category of III would be unchanged.   His Guideline range would likewise be unchanged. Because his Guideline range is not impacted by the changes in Amendment 821, the Court finds that he is not eligible for relief.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the

---

1 Inasmuch as the Court's independent review of the relevant materials reveals that Mr. Tucker is ineligible for further relief under Amendment 821, additional submissions by the parties and the Probation Office are unnecessary.

Defendant's *Letter-Form Motion to Reduce Sentence* (Document 49) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: December 5, 2023

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA